LAW OFFICES OF WILLIAM D. AUSMAN
William D. Ausman (California State Bar Number 197995)
Bill.ausman@atownlaw.com
8320 Morro Rd.
Atascadero, California 93422
Telephone:  (805) 466-4800
Facsimile:   (805) 466-4802

Attorney for Plaintiff BRYCE LITTLEJOHNS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYCE LITTLEJOHNS,<br><br>             Plaintiff,<br><br>v.<br><br>CITY OF ARROYO GRANDE, CITY OF SAN LUIS OBISPO, DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE and DOES 1-30,<br><br>             Defendants. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure Denial of Medical Care (42 U.S.C. § 1983)<br>4. Substantive Due Process (42 U.S.C. § 1983)<br>5. False Arrest/False Imprisonment<br>6. Battery<br>7. Negligence<br>8. Violation of Bane Act (Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR DAMAGES

1. Plaintiff BRYCE LITTLEJOHNS brings his Complaint against Defendants CITY OF ARROYO GRANDE, CITY OF SAN LUIS OBISPO, DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30, inclusive, and alleges as follows:

///

COMPLAINT FOR DAMAGES

**INTRODUCTION**

2.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with injuries sustained by Plaintiff BRYCE LITTLEJOHNS as a result of excessive force by various officers and deputies employed by CITY OF ARROYO GRANDE and CITY OF SAN LUIS OBISPO.

**PARTIES**

3.     At all relevant times, Plaintiff BRYCE LITTLEJOHNS ("LITTLEJOHNS") was an individual residing in the County of San Luis Obispo, California.

4.     At all relevant times, Defendant CITY OF ARROYO GRANDE is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY OF ARROYO GRANDE was the employer of Defendants DAVID CULVER DOES 1-5, who were CITY OF ARROYO GRANDE police officers, DOES 6-10, who were CITY OF ARROYO GRANDE supervisorial officers, and DOES 11-15, who were managerial, supervisorial, and policymaking employees of the CITY OF ARROYO GRANDE Police Department. On information and belief, at all relevant times, DAVID CULVER and DOES 1-15 were residents of the County of San Luis Obispo, California. DAVID CULVER and DOES 1-15 are sued in their individual capacity for damages only.

5.     At all relevant times, Defendant CITY OF SAN LUIS OBISPO is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY OF SAN LUIS OBISPO was the employer of Defendants CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE and DOES 16-20, who were CITY OF SAN LUIS OBISPO police officers, DOES 21-25, who were CITY OF SAN LUIS OBISPO supervisorial officers, and DOES 26-30, who were managerial, supervisorial, and policymaking employees of the CITY OF SAN LUIS OBISPO Police Department. On information and belief, at all relevant times, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE and DOES 16-30 were

COMPLAINT FOR DAMAGES

residents of the County of San Luis Obispo, California. CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE and DOES 16-30 are sued in their individual capacity for damages only.

6.     At all relevant times, Defendants DAVID CULVER and DOES 1-15 were duly authorized employees and agents of CITY OF ARROYO GRANDE, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, CITY OF ARROYO GRANDE.

7.     At all relevant times, Defendants CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 16-30 were duly authorized employees and agents of CITY OF SAN LUIS OBISPO, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, CITY OF SAN LUIS OBISPO.

8.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DAVID CULVER and DOES 1-15 were acting on the implied and actual permission and consent of CITY OF ARROYO GRANDE.

9.     In doing the acts and failing and omitting to act as hereinafter described, Defendants CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 16-30 were acting on the implied and actual permission and consent of CITY OF SAN LUIS OBISPO.

10.     At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant.

11.     The true names of Defendants DOES 1-30, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitious named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

COMPLAINT FOR DAMAGES

12.     On September 3, 2020 Plaintiff served his claim for damages with CITY OF ARROYO GRANDE pursuant to applicable sections of the California Government Code.

13.     On September 17, 2020 CITY OF ARROYO GRANDE rejected Plaintiff's claims for damages via rejection letter.

14.     On September 3, 2020 Plaintiff served his claim for damages with CITY OF SAN LUIS OBISPO pursuant to applicable sections of the California Government Code.

15.     On October 15, 2020 CITY OF SAN LUIS OBISPO rejected Plaintiff's claims for damages via rejection letter.

16.     By the time of filing this Complaint, CITY OF ARROYO GRANDE and CITY OF SAN LUIS OBISPO have not issued findings as to whether the various officers and deputies involved in the incident were found to be within policy, whether they will be disciplined or not, and whether CITY OF ARROYO GRANDE and/or CITY OF SAN LUIS OBISPO ratified their use of force against LITTLEJOHNS. Accordingly, Plaintiff reserves the right to amend this Complaint once CITY OF ARROYO GRANDE and/or CITY OF SAN LUIS OBISPO issue findings as to the involved officers' and deputies' use of force against LITTLEJOHNS.

### JURISDICTION AND VENUE

17.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. sections 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C sections 1331, 1343, and 1367.

18.     Venue is proper in this Court under 28 U.S.C. section 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of San Luis Obispo, California.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

19.     Plaintiff repeats and realleges each and every allegation in paragraph 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20.     On or about March 6, 2020 LITTLEJOHNS was at his residence located at 1633 Front Street, Apt. 14, in Oceano, California.

COMPLAINT FOR DAMAGES

21.     While LITTLEJOHNS was in his residence, officers and deputies DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 shot LITTLEJOHNS several times with "rubber" bullets, tased him multiple times, placed him face down and handcuffed while an officer placed his knee in LITTLEJOHNS neck for several minutes, restricting his breathing, and directing a law enforcement canine to bite LITTLEJOHNS several times.

22.     At the time of the incident, LITTLEJOHNS was unarmed and did not pose an immediate threat of death or serious physical injury to Defendants CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30. He never verbally threatened anyone prior to the incident. There was no information that LITTLEJOHNS had physically injured anyone prior to the incident.

23.     Defendants CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 used excessive force and injured LITTLEJOHNS even though he was not an immediate threat of death or serious bodily injury to Defendants or anyone else and there were other less than lethal options available. Defendants CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 did not show a reverence for human life.

24.     After using excessive force and injuring LITTLEJOHNS, Defendants CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 did not provide or summons timely medical attention for LITTLEJOHNS who had serious injuries, including but not limited to, rib fractures, bruising from "rubber" bullets, dislocated left shoulder, tear in left shoulder, a right knee injury, and several canine bites. Defendants CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL

COMPLAINT FOR DAMAGES

MANUELE, and DOES 1-30 did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to LITTLEJOHNS.

### FIRST CLAIM FOR RELIEF

**Unreasonable search and Seizure – Detention and Arrest (42 U.S.C. § 1983)**

(By Plaintiff BRYCE LITTLEJOHNS against all Defendants)

25.     Plaintiff repeats and realleges each and every allegation in paragraph 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26.     Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 caused LITTLEJOHNS to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to LITTLEJOHNS under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

27.     As a result of the conduct of Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE and DOES 1-30, they are liable for LITTLEJOHNS injuries because they were integral participants to the violations of LITTLEJOHNS' rights.

28.     LITTLEJOHNS was detained without reasonable suspicion and arrested without a warrant and probable cause by Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE and DOES 1-30.

29.     The conduct of Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE and DOES 1-30 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of LITTLEJOHNS and therefore warrants the imposition of exemplary and punitive damages as to DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE and DOES 1-30.

COMPLAINT FOR DAMAGES

30.    Accordingly, Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 are each liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

31.    Plaintiff also seeks attorney fees under this claim.

**SECOND CLAIM FOR RELIEF**

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

(By Plaintiff BRYCE LITTLEJOHNS against all Defendants)

32.    Plaintiff repeats and realleges each and every allegation in paragraph 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33.    the unreasonable use of force by Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 deprived LITTLEJOHNS of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to LITTLEJOHNS under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34.    As a result, LITTLEJOHNS suffered extreme mental and physical pain and suffering, loss of enjoyment of life and loss of wages and earnings capacity.

35.    As a result of the conduct of Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30, they are liable for LITTLEJOHNS injuries because they were integral participants in the excessive force.

36.    The use of force was excessive because this was not an immediate defense of life situation and LITTLEJOHNS was unarmed and did not pose a risk to Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30. For a large portion of the incident, LITTLEJOHNS was face down and handcuffed while an officer placed his knee on his neck, restricting his breathing for several minutes. Defendants DAVID

COMPLAINT FOR DAMAGES

CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 actions thus deprived LITTLEJOHNS of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

37.    The conduct of Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of LITTLEJOHNS and therefore warrants the imposition of exemplary and punitive damages as to DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30.

38.    Accordingly, Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 are each liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

39.    Plaintiff also seeks attorney fees under this claim.

**THIRD CLAIM FOR RELIEF**

**Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiff BRYCE LITTLEJOHNS against all Defendants)

40.    Plaintiff repeats and realleges each and every allegation in paragraph 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.    The denial of medical care by Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 deprived LITTLEJOHNS of his right to e secure in his person against unreasonable searches and seizures as guaranteed to LITTLEJOHNS under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

COMPLAINT FOR DAMAGES

42. As a result, LITTLEJOHNS suffered extreme mental and physical pain and suffering, loss of enjoyment of life and loss of wages and earnings capacity.

43. Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 knew that failure to provide timely medical treatment to LITTLEJOHNS could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing LITTLEJOHNS great bodily and emotional harm.

44. After shooting LITTLEJOHNS multiple times with "rubber" bullets, tasing him multiple times, kneeling on his neck, and directing a dog to bite him several times, Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 did not timely summon or provide timely medical attention for LITTLEJOHNS, who suffered serious injuries, including but not limited to, rib fractures, bruising from "rubber" bullets, dislocated left shoulder, tear in left shoulder, a right knee injury, and several canine bites; and Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to LITTLEJOHNS.

45. The conduct of Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of LITTLEJOHNS and therefore warrants the imposition of exemplary and punitive damages as to DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30.

46. Accordingly, Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL

MANUELE, and DOES 1-30 are each liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

47.     Plaintiff also seeks attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By Plaintiff BRYCE LITTLEJOHNS against all Defendants)

48.     Plaintiff repeats and realleges each and every allegation in paragraph 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49.     LITTLEJOHNS had a cognizable interest under the Due Process Clause of the Fourteenth amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

50.     As a result of the excessive force by Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 LITTLEJOHNS suffered extreme physical and mental pain and suffering, loss of wages, and loss of earnings capacity.

51.     Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30, acting under color of state law, thus violated the Fourteenth Amendment rights of LITTLEJOHNS.

52.     The aforementioned actions of Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of LITTLEJOHNS with purpose to harm unrelated to any legitimate law enforcement objective.

53.     Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30, acting under color of state law, thus violated the Fourteenth Amendment rights of LITTLEJOHNS.

COMPLAINT FOR DAMAGES

54.    As a direct and proximate cause of the acts of Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 LITTLEJOHNS suffered extreme and severe mental and physical pain and suffering, loss wages, and lost earnings capacity.

55.    As a result of the conduct of Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 they are liable for LITTELJOHNS injuries because they were integral participants in the denial of due process.

56.    The conduct of Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of LITTLEJOHNS and therefore warrants the imposition of exemplary and punitive damages as to DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30.

57.    Accordingly, Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 are each liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

58.    Plaintiff also seeks attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment (Government Code § 820 and Common Law)**

(By Plaintiff BRYCE LITTLEJOHNS against all Defendants)

59.    Plaintiff repeats and realleges each and every allegation in paragraph 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

60.    Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL

COMPLAINT FOR DAMAGES

MANUELE, and DOES 1-30 while working as police officers for CITY OF SAN LUIS OBISPO and CITY OF ARROYO GRANDE, and acting within the course and scope of their duties, intentionally deprived LITTLEJOHNS of his freedom of movement by use of force, threats of force and unreasonable duress when they shot him multiple times with "rubber" bullets, tased him several times, and placed him face down in handcuffs while an officer knelt his knee on LITTLEJOHNS neck, restricting his breathing for several minutes. While face down and handcuffed, Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 directed a law enforcement dog to bite LITTLEJOHNS left arm several times. Defendants did these actions intentionally in order to detain LITTLEJOHNS. Defendants detained LITTLEJOHNS without reasonable suspicion. Defendants arrested LITTLEJOHNS without a warrant and without probable cause.

61.     LITTLEJOHNS did not knowingly or voluntarily consent to his detention or arrest. Defendants deprived LITTLEJOHNS, who was unarmed, of his liberty without justification. Further, the deputies and officers did not have probably cause to believe LITTLEJOHNS had committed any crime.

62.     The conduct against LITTLEJOHNS by Defendants was a substantial factor in causing LITTLEJOHNS' injuries and damages.

63.     Defendants CITY OF ARROYO GRANDE and CITY OF SAN LUIS OBISPO are vicariously liable for the wrongful acts of the deputies and officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

64.     The conduct of Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of LITTLEJOHNS, entitling LITTLEJOHNS to an award of exemplary and punitive damages.

COMPLAINT FOR DAMAGES

## SIXTH CLAIM FOR RELIEF

### Battery (Government Code § 820 and Common Law)

(By Plaintiff BRYCE LITTLEJOHNS against all Defendants)

65. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

66. Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 while working as police officers for the CITY OF ARROYO GRANDE and CITY OF SAN LUIS OBISPO, and acting within the course and scope of their duties, intentionally shot LITTLEJOHNS with "rubber" bullets, tased him, an officer placed his knee in LITTLEJOHNS neck while he was handcuffed face down, and allowing a police dog to bite him several times. LITTLEJOHNS was unarmed at the time. As a result of Defendants' actions, LITTLEJOHNS suffered severe physical and mental pain and suffering, loss of enjoyment of life, lost wages, and lost earnings capacity. Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 had no legal justification for using force against LITTLEJOHNS. The use of force while carrying out their officer duties was an unreasonable use of force, especially since LITTLEJOHNS was unarmed and at his home when the incident occurred. As a direct and proximate result of Defendants' conduct as alleged above, LITTLEJOHNS suffered extreme severe mental anguish and pain and has been injured in mind and body.

67. Defendants CITY OF ARROYO GRANDE and CITY OF SAN LUIS OBISPO are vicariously liable for the wrongful acts of DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

68.    The conduct of DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of LITTLEJOHNS, entitling LITTLEJOHNS to an award of exemplary and punitive damages.

## SEVENTH CLAIM FOR RELIEF

### Negligence (Government Code § 820 and Common Law)

(By Plaintiff BRYCE LITTLEJOHNS against all Defendants)

69.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70.    The actions and inactions of the Defendants were negligent, including but not limited to:

(a) The failure to properly and adequately train employees, including DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 with regards to the use of force, including deadly force;

(b) The failure to properly and adequately assess the need to detain, arrest, and use force against LITTLEJOHNS;

(c) The negligent tactics and handling of the situation with LITTLEJOHNS;

(d) The negligent detention, arrest, and use of force, including deadly force, against LITTLEJOHNS;

(e) The failure to provide and or summons prompt medical care to LITTLEJOHNS;

(f) The failure to properly train and supervise employees, both professional and non-professional, including DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30.

///

///

COMPLAINT FOR DAMAGES

71.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, LITTLEJOHNS was caused to suffer severe pain and suffering, lost wages, and lost earnings capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, LITTLEJOHNS suffered extreme and sever mental anguish and pain and has been injured in mind and body.

72.    CITY OF ARROYO GRANDE and CITY OF SAN LUIS OBISPO are vicariously liable for the wrongful acts of DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## EIGTH CLAIM FOR RELIEF

### Violation of Bane Act (Civil Code § 52.1)

(By Plaintiff BRYCE LITTLEJOHNS against all Defendants)

73.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74.    Civil Code section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (or by the use of unconstitutionally excessive force).

75.    Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 use of force was excessive and unreasonable under the circumstances, especially since LITTLEJOHNS was unarmed at his home. Defendants' actions deprived LITTLEJOHNS of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

76.    Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 intentionally violated LITTLEJOHNS rights by detaining him

COMPLAINT FOR DAMAGES

without reasonable suspicion, by arresting him without probable cause, and by using excessive force against LITTLEJOHNS, including but not limited to, shooting him multiple times with "rubber" bullets, tasing him several times, placing him face down in handcuffs while an officer knelt his knee on LITTLEJOHNS neck, and directing a law enforcement dog to bite LITTLEJOHNS left arm several times. Further, these acts by Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 demonstrate they had a reckless disregard for LITTLEJOHNS' constitutional rights.

77. At the time of the incident, LITTLEJOHNS did not pose an immediate threat of death or serious bodily injury and LITTLEJOHNS never verbally threatened anyone prior to the shooting. There is direct and circumstantial evidence that Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 intentionally violated LITTLEJOHNS rights by unlawfully detaining him, by unlawfully arresting him, and by using excessive force causing serious injuries to LITTLEJOHNS.

78. Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 while working as police officers for the CITY OF ARROYO GRANDE and CITY OF SAN LUIS OBISPO, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of LITTLEJOHNS to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

79. LITTLEJOHNS suffered extreme physical and mental pain and suffering as well as lost wages and lost earnings capacity.

80. The conduct of Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY,

COMPLAINT FOR DAMAGES

MICHAEL MANUELE, and DOES 1-30 was a substantial factor in causing LITTLEJOHNS' harms, losses, injuries, and damages.

81.     CITY OF ARROYO GRANDE and CITY OF SAN LUIS OBISPO are vicariously liable for the wrongful acts of Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 pursuant to section 815.2(a) of the Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

82.     The conduct of Defendants DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of LITTLEJOHNS entitling him to an award of exemplary and punitive damages.

83.     LITTLEJOHNS also seeks attorney fees pursuant to this cause of action.

///

///

///

///

///

///

///

///

///

///

///

///

///

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BRYCE LITTLEJOHNS request entry of judgment in his favor against Defendants CITY OF ARROYO GRANDE, CITY OF SAN LUIS OBISPO, DAVID CULVER, CHELSEA STEVENSON, KYLE STERNJACOBS, JUSTIN UGHOC, JOHN NICHOLS, ANDREW DANLEY, MICHAEL MANUELE, and DOES 1-30, inclusive, as follows:

A.  For compensatory damages in an amount to be proven at trial;

B.  For punitive damages against the individual defendants in an amount to be proven at trial;

C.  For interest;

D.  For reasonable costs of this suit and attorneys' fees; and

E.  For such further other relief as the Court may deem just, proper, and appropriate;

F.  For treble damages under Civil Code section 52.1.

DATED:  March 15, 2021                LAW OFFICES OF WILLIAM AUSMAN

By _____*/s/ William D. Ausman*____

William D. Ausman
Attorney for Plaintiff BRYCE LITTLEJOHNS

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


DATED:  March 15, 2021                    LAW OFFICES OF WILLIAM AUSMAN



By _____*/s/ William D. Ausman*____

William D. Ausman
Attorney for Plaintiff BRYCE LITTLEJOHNS

COMPLAINT FOR DAMAGES